LIBERINA IACONO et al., Respondents, v. NEW YORK POLYCLINIC MEDICAL SCHOOL AND HOSPITAL, Appellant.— Action by a wife to recover damages for a burn which she sustained while a patient in the hospital conducted by defendant, allegedly by reason of the negligence of the defendant, and by her husband for loss of services. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless within ten days after the entry of the order hereon plaintiff wife stipulates to reduce the verdict in her favor to $2,500, and plaintiff husband stipulates to reduce the verdict in his favor to $500, in which event the judgment, as so reduced, is affirmed, without costs. In our opinion, the damages awarded were excessive. The case was submitted to the jury on the theory of negligence on the part of the nurse in placing the hot-water bottle in the bed of the plaintiff wife preparatory to receiving her after the operation. From the evidence the jury could justifiably infer that it was this hot-water bottle that caused the injuries. The act of placing the hot-water bottle in the bed for the purpose of heating the bed prior to the receipt of the patient is an administrative act for which the defendant hospital may be held liable. (Dillon v. Rockaway Beach Hospital, 284 N. Y. 176; Quillen v. Skaggs, 233 Ky. 171; Meyer v. McNutt Hospital, 173 Cal. 156; Stewart v. California Medical, etc., Assn., 178 Cal. 418; Fawcett v. Ryder, 23 N. D. 20.) Close, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The proof was insufficient as a matter

of law to present a question of fact on the theory on which this case was presented to the jury, namely, that the wife had been burned as the result of a negligent administrative act on the part of the defendant in providing a defective hot-water bottle. The proof, however, warranted the application of the *res ipsa* doctrine. (*Lederman* v. *Boulevard Sanitarium*, 263 App. Div. 727, motion for leave to appeal denied 287 N. Y. 852.) A new trial should be granted in the interests of justice. The court refused to charge "that the placing of a hot water bottle after an operation for the purpose of preventing shock is a medical treatment," because "The patient wasn't there." This was error. The related proof consisted of testimony of a nurse that she had prepared a bed for the return of the wife from the operating room and as an incident thereto had placed a hot-water bottle at its foot. In my opinion, this was as clearly a nursing act as it would have been had the bed been occupied at the time the bottle was so placed. (Cf. *Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188.) This is not a case of negligence whereby a lamp hung at the end of a hospital bed was found under the bedclothes where it had come in contact with the body of a patient. (*Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176, *supra.*) The remaining cases cited by the majority, decided in other jurisdictions, turn on a theory of liability that the status of a hospital is a profit-making rather than a charitable institution, which is without application here. No attempt was made in any of those cases to make the distinction which obtains in this State between administrative and nursing acts.