JAMES BLAKE, Respondent, v. CITY OF NEW YORK, Appellant.— The proof was insufficient to enable the plaintiff to invoke the doctrine of *res ipsa loquitur.* There was no showing that the pipe which caused the injury was within the exclusive control and possession of the defendant. On the contrary it appears as a fair inference of plaintiff's testimony, and in fact apparently is conceded, that the pipe was not part of the trolley

car equipment. (*Paolantonio* v. *Long Is. R. R. Co.*, 274 App. Div. 1063, affd. 300 N. Y. 640; *Manley* v. *New York Tel. Co.*, 303 N. Y. 18, 25.) The plaintiff failed to make out a prima facie case of actionable negligence by direct proof. (*Alexander* v. *Rochester City & Brighton R. R. Co.*, 128 N. Y. 13; *De Martino* v. *Brooklyn & Queens Transit Corp.*, 258 App. Div. 1072, affd. 285 N. Y. 593.) Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.