LILLIAN HOLTFOTH, Appellant, *v.* ROCHESTER GENERAL HOSPITAL, Respondent.

JOHN HOLTFOTH, Appellant, *v.* ROCHESTER GENERAL HOSPITAL, Respondent.

Argued January 17, 1952; decided April 17, 1952.

*Arthur L. Mepham* for appellants. I. There was ample evidence to sustain the finding by the jury that defendant was negligent. (*Sadowski* v. *Long Island R. R. Co.*, 292 N. Y. 448; *Huston* v. *County of Chenango*, 253 App. Div. 56; *Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434; *Santos* v. *Unity Hosp.*, 301 N. Y. 153; *Griffen* v. *Manice*, 166 N. Y. 188; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108; *Dittiger* v. *Isal Realty Corp.*, 290 N. Y. 492; *Lessig* v. *New York Central R. R. Co.*, 271 N. Y. 250; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176; *Larsen* v. *Lackawanna Steel Co.*, 146 App. Div. 238; *Ditmars* v. *Renz*, 269 N. Y. 191; *Witkowicz* v. *Amalgamated Properties, Inc.*, 264 App. Div. 156.) II. Both plaintiffs were free from contributory negligence. III. There were no errors in the court's charge or refusals to charge which were prejudicial to defendant or which

require a reversal. (*Schweinburg* v. *Altman,* 145 App. Div. 377, 207 N. Y. 681; *Vallone* v. *City of New York,* 271 App. Div. 984; *People* v. *Abraitis,* 189 App. Div. 312; *Small* v. *Housman,* 220 N. Y. 504.)

*Robert C. Winchell* for respondent. I. Plaintiffs failed to prove any negligence on the part of defendant. II. Plaintiffs failed to prove any notice, actual or constructive, to defendant of any defect in the chair. (*Wynn* v. *Carlin,* 135 App. Div. 795; *Dougherty* v. *Weeks & Son,* 126 App. Div. 786; *Miller* v. *Gimbel Bros.,* 262 N. Y. 107; *Blaivas* v. *Amalgamated Bank of N. Y.,* 260 App. Div. 872.) III. Plaintiff proved herself guilty of contributory negligence. (*Zurich Gen. Accident & Liability Ins. Co.* v. *Childs Co.,* 253 N. Y. 324; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Monacelli* v. *State of New York,* 295 N. Y. 332.) IV. The court's charge and refusals to charge at the time the jury returned for instructions were erroneous and prejudicial to defendant. (*Steinert* v. *Brunswick Home, Inc.,* 172 Misc. 787, 259 App. Div. 1018; *Schloendorff* v. *Society of N. Y. Hosp.,* 211 N. Y. 125; *Phillips* v. *Buffalo Gen. Hosp.,* 239 N. Y. 188; *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176; *Dambmann* v. *Metropolitan St. Ry. Co.,* 180 N. Y. 384; *Ferris* v. *Sterling,* 214 N. Y. 249; *McKelvey* v. *Delaware, L. & W. R. R. Co.,* 253 App. Div. 109; *Galino* v. *Fleischmann Realty & Constr. Co.,* 130 App. Div. 605; *Chapman* v. *Erie Ry. Co.,* 55 N. Y. 579.)

LEWIS, J. The plaintiff, Lillian Holtfoth, seeks damages for personal injuries suffered by her while a patient in the defendant hospital and alleged to have been due to the defendant's negligent failure to furnish a safe appliance and equipment for her use. As recovery by her husband in his separate action — for deprivation of his wife's services and for the cost to him of his attempt to effect her cure — will depend upon the success of his wife's action, reference will be made only to the action in which she is plaintiff, unless otherwise expressly noted.

The plaintiff entered the defendant hospital as a patient following an accident in which she had suffered a fracture of the neck of the right femur where it enters laterally into the right hip socket of the pelvic bone. When surgery had accomplished the pinning of the fractured bone in apposition and in

good alignment, and a period of convalescence had passed, the plaintiff was permitted to move about the hospital on crutches without allowing her right foot to touch the floor. She was also permitted at times to sit in a wheel chair to which was attached equipment, presently to be described, to accommodate patients recovering from leg fractures. The equipment attached to the wheel chair furnished to the plaintiff by the defendant on the date she was injured included two separately operated leg rests which, when not in use, hung down on either side of the chair front. At times, when either leg rest was in use, it could be raised to a horizontal position at the level of the chair seat and thus afford support for a disabled leg when extended. When so elevated the leg rest could be held stationary in the desired position by a ratchet or notched locking device on the under side. The function of that locking device — important to our inquiry — was described by the defendant's medical director as " * * * a safety measure on it so that, if undue pressure is placed upon that leg rest, with the vertical leg rest out like that, it will go down. The reason for that is, if you don't have a safety valve release, and you put undue pressure on it way out like that, you would throw the whole thing clear way forward."

Immediately before the accident which befell the plaintiff in the defendant hospital she was seated in a wheel chair of the type described above. Her left leg was flexed so that her left foot rested on a lower cross piece which served as a foot support. At that time her disabled right leg was extended and rested on the right leg rest then elevated to a position almost horizontal with the chair seat. According to her testimony, which stands uncontradicted, the plaintiff, in an effort to alter the position of her body as a means of gaining a more comfortable posture, raised herself slightly by pressing down on the arms of the chair and by exerting slight pressure on her *left* foot. As she did so, the *right* leg rest " went down " tipping the chair forward slightly and causing her right foot to strike the floor in such a manner as to break anew the bone structure at the right hip socket and to dislodge from its imbedded position the surgical nail which had been inserted to hold the fractured femur in place.

For injuries thus sustained by the plaintiff and for her resulting disability a jury at Trial Term returned a verdict in her favor. At the Appellate Division — where one Justice dissented — the judgment entered at Trial Term was reversed on the law and facts and the complaint was dismissed. The circumstance last mentioned requires us to consider facts adduced at the trial in the aspect most favorable to the plaintiff and to accord to her the benefit of every favorable inference which can reasonably be drawn from those facts. (*Faber* v. *City of New York,* 213 N. Y. 411, 414; *Osipoff* v. *City of New York,* 286 N. Y. 422, 425; *De Wald* v. *Seidenberg,* 297 N. Y. 335, 336–337.)

We find in the record at hand no basis for the assertion by plaintiff's counsel that the doctrine of *res ipsa loquitur* applies. Her evidence at the trial was not presented on that theory. The case was tried as one based upon alleged negligence of the defendant hospital in furnishing plaintiff with a facility — a wheel chair — which was defective. Thus pleaded and tried, the plaintiff's case does not lend itself to the doctrine of *res ipsa loquitur.* (*Bressler* v. *New York R. T. Corp.,* 270 N. Y. 409, 413; and see *Schlesinger* v. *New York Tel. Co.,* 296 N. Y. 537; *Whitcher* v. *Board of Educ.,* 233 App. Div. 184, 185; *Goodheart* v. *American Airlines,* 252 App. Div. 660, 662.)

However, upon this record we cannot agree with the decision reached by the Appellate Division that " * * * the plaintiff failed to prove facts from which the jury could find any actionable negligence on the part of the defendant hospital." (278 App. Div. 1018.) In addition to evidence to which reference has been made, there is testimony by the plaintiff's husband that while he was in his wife's hospital room on the night before her injury, he noticed a wheel chair near her bed and, while examining it casually, he observed that, when he " took hold " of the right leg rest and " set it in on a notch and pressed on it ", it would " snap down " with very little pressure, and that the left leg rest held better. Although the plaintiff was lying in her bed when her husband was " fussing " with the wheel chair, as she termed it, and although the chair was the one involved in the accident which befell her the following day, there is no evidence that before the accident she was informed or had reason to know that the right leg rest when elevated would drop down under light pressure. In fact, there is no

evidence that at the time the right leg rest dropped down the plaintiff had exerted upon it even slight pressure.

In that connection, we find no merit in the defendant's suggestion that the examination of the leg rests by plaintiff's husband on the night before the accident served to bar his recovery in his separate action for medical expenses and loss of services. There is no evidence that at the time of his examination he had knowledge that the particular wheel chair which was in his wife's room had been used by her or would be used by her thereafter. In fact, in view of the lack of exception by the defendant, the following statement in the court's charge to the jury became the law of the case: "If she [the plaintiff wife] is entitled to a verdict at your hands, then her husband would be entitled to a verdict in his action."

As a patient the plaintiff could rightfully expect from the defendant hospital the exercise of reasonable care in the selection and maintenance of equipment and facilities furnished for her use. That standard of reasonable care in the performance of an administrative act required of the defendant that the wheel chair provided for plaintiff's use would be in a safe condition — as to structure and maintenance — for the use to which it was put in the care of the plaintiff. (*Iacono* v. *New York Polyclinic Medical School & Hosp.*, 269 App. Div. 955, affd. 296 N. Y. 502; cf. *Sheehan* v. *North Country Community Hosp.*, 273 N. Y. 163, 165–166; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176, 178–180.) Upon the record before us the decisive question was whether there was any substantial evidence that the proximate cause of plaintiff's injuries was a failure by the defendant properly to perform the administrative act mentioned above. We think there was such evidence which presented a question of fact for determination by a jury.

Accordingly, the judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.