■ FRANKLIN SCOTT, Respondent, v. CITY OF NEW YORK, Appellant.— Pursuant to leave granted by the Appellate Term, the appeal is from the order of the Appellate Term which reversed a judgment of the City Court

of the City of New York, County of Kings, entered after trial, dismissing the complaint at the end of the plaintiff's case, and directed a new trial, with costs to plaintiff to abide the event. Order reversed, without costs, and complaint dismissed. This is an action for damages for personal injuries suffered as a consequence of appellant's alleged negligence. From the proof adduced, it appears that appellant's police officers were engaged in pursuit of a fleeing prisoner in the course of which there was an exchange of pistol shots, one of which lodged in the person of respondent, a pedestrian citizen, not otherwise involved in the chase, who was coming up a subway exit stairway. The prisoner previously had been apprehended as a suspect on a robbery charge, and was being interrogated by a detective in a squad room when he lunged at the arresting officer, seized the latter's service revolver, fired a shot at him, and ran out of the police station into the street. A number of police officers chased after him, firing their guns at him. Upon the recapture of the prisoner, it was found that all six bullets in the arresting officer's revolver had been fired. No proof was adduced that the escaping prisoner had any history, criminal or otherwise, known to appellant, which would indicate that he was a person of violent or dangerous propensities requiring handcuffing or restraint. No proof was adduced that this prisoner was in fact connected with the robbery charge on which he was apprehended, or that the robbery was in fact itself a crime of violence. Apparently the prisoner had remained docile while in custody, until he struck out at the arresting officer and purloined his gun. The proof also fails to show whether respondent was struck by a bullet fired by the escaping prisoner or by any of the pursuing officers. Under the circumstances established by the proof, appellant, as jailer, owed no duty to the respondent, as private citizen, for damages incurred as a result of the escape and apprehension of the prisoner, even if negligence therefor be ascribed to the appellant (*Williams* v. *State of New York*, 308 N. Y. 548). As a member of the general public, no common-law duty of special protection was owed to the respondent by the police (*Schuster* v. *City of New York*, 286 App. Div. 389, 391). The respondent could have recovered only by a showing of the breach of a governmental duty fixed for his individual protection (*Runkel* v. *City of New York*, 282 App. Div. 173, 179). Having pleaded and introduced evidence of specific acts of negligence which caused his injury, the respondent may not be heard to invoke the equivalent of the doctrine of *res ipsa loquitur* for the purpose of supplying deficiencies in his proof by evidence to be given by appellant (*Goodheart* v. *American Airlines*, 252 App. Div. 660, 663; *Blake* v. *City of New York*, 279 App. Div. 751). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.