■ CATHERINE MURPHY, as Administratrix of the Estate of JOSEPH C. MURPHY, Deceased, Respondent, v. HERTZ CORPORATION et al., Appellants.— In an action to recover damages for wrongful death, the appeal is from a judgment, entered on a jury's verdict in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ.

■ JOHN F. NIXON et al., Appellants, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— In an action to recover damages for personal injuries, the appeal is from an order denying appellants' motion for summary judgment. Order affirmed, with $10 costs and disbursements. To entitle appellants to a summary judgment pursuant to rule 113 of the Rules of Civil Practice, proof must be submitted to warrant the court *as a matter of law* in directing judgment. The only evidence offered by appellants is that a train owned and operated by respondent was derailed while appellants were lawfully riding therein; that no foreign objects were found on the tracks by the conductor; and that appellants were injured. Although the parties agree that the rule of *res ipsa loquitur* applies, the question of negligence, even in such a case, is one of fact, unless the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence. (*George Foltis, Inc.* v. *City of New York,* 287 N. Y. 108.) In our opinion, the proof in this record does not bring the instant case within that exception. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.