Harold and Mary REHM, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 19177.**

United States District Court
E. D. New York.

April 12, 1960.

Martin M. Kolbrener, New York City, for plaintiffs.

Cornelius W. Wickersham, Jr., Brooklyn, N. Y., James M. FitzSimons, New York City, of counsel, for defendant.

ZAVATT, District Judge.

This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346, to recover damages for personal injuries alleged to have been sustained by the plaintiffs, husband and wife, on the evening of October 15, 1958, when an airplane owned and operated by the Air Force of the United States struck the plaintiffs' automobile which was proceeding eastwardly on the Southern State Parkway in Nassau County, New York.

Each claim is grounded in negligence on the part of the defendant, without any contributory negligence on the part of either plaintiff. Specific acts of negligence are alleged in Paragraph "6" of the complaint as follows:

"* * * in causing the said airplane to land on a public vehicular highway without notice or warning; in embarking on an airplane which was not air-worthy; in failing to make adequate provision for fuel; in failing to guide the plane to a proper airport; in negligently navigating and flying said plane directly in the path of the plaintiffs and other motorists on said highway; in failing properly to inspect the said plane and to equip said plane, and the defendant was otherwise guilty of negligence."

The plaintiff Mary Rehm seeks damages in the sum of $100,000 for personal injuries which she is alleged to have sustained. The plaintiff Harold Rehm seeks damages in the sum of $50,000 for personal injuries which he is alleged to have sustained, and damages in the further sum of $10,000 incurred for medical care and cure of his wife and for the loss of her services, society, companionship and consortium.

The answer denies all of the material allegations of the complaint and pleads contributory negligence on the part of both plaintiffs.

The plaintiffs now move pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for partial summary judgment, adjudging the defendant liable to the plaintiffs and directing further proceedings to determine the quantum of damages. It is the plaintiffs' contention that there is no genuine issue as to any material fact concerning liability and that the doctrine of res ipsa loquitur makes judgment appropriate now as a matter of law, although there is a genuine issue as to the amount of damages.

A motion for summary judgment may be made with or without supporting affidavits. If made with supporting affidavits such affidavits must be on personal knowledge; must set forth such facts as may be admissible in evidence; must show that the affiant is competent to testify to the matters stated therein. The present motion is supported by affidavits of the plaintiffs to the effect that on October 15, 1958, at about 8:30 P. M. while they were proceeding on the Southern State Parkway in their family automobile "a very large airplane suddenly came toward us in the roadway, crashed right through the underpass and into us", "suddenly there loomed down in front of me from the other side of the overpass a giant airplane * * *." Neither affidavit identifies the airplane as being owned or operated by the defendant except that the plaintiff Mary Rehm states in her affidavit that her attorney "informs me that the accident happened solely because of the negligence of the Air Force personnel in permitting the plane to leave for its trip with insufficient fuel."

The motion is also supported by the affidavit of the attorney for the plaintiffs. This affidavit deals largely with the specific acts of negligence alleged in the complaint but is not made on personal knowledge, nor does it show affirmatively that the affiant is competent to testify to the matters stated therein.

The opposing affidavit of the defendant points out these defects. However, it supplies no evidentiary matter, the defendant choosing instead to rely upon its understanding of the res ipsa doctrine which, it maintains, does not require a defendant to come forward with evidence on such a motion.

For the purposes of this motion I will assume that: (a) under the applicable law, allegations of specific acts of negligence in the complaint do not estop a plaintiff from invoking the doctrine of res ipsa loquitur if that doctrine is otherwise applicable;[1] (b) New York would apply its res ipsa doctrine to the case of an airplane landing on a public highway under the circumstances presented here;[2] (c) the defendant had control over the airplane.

The plaintiffs move for summary judgment on the assumption that it is the law of New York that, at the trial of a case in which the doctrine of res ipsa loquitur can be invoked, a plaintiff is entitled to a directed verdict if the defendant offers no evidence in defense or explanation. The plaintiffs assume that it is the law of New York that, if upon the trial the plaintiff proves facts which invoke the doctrine of res ipsa loquitur, such proof raises a presumption of negligence; that, if the defendant offers no evidence tending to rebut such presumption, the plaintiff is entitled to a directed verdict on the question of liability. These assumptions stem from a failure to appreciate the procedural effects of the doctrine of res ipsa loquitur when held to apply in New York.

Much of the confusion surrounding this subject has been caused by the loose use of terms, without adequate definition, such as "prima-facie case," "inference of negligence", "presumption of negligence"—all of which are often used indiscriminately in the same case to refer to the same or different procedural effects. The proper meaning of "prima-facie case" is that quantum of evidence tending to prove each material fact that a plaintiff must introduce to sustain his burden of going forward with the evidence, i. e. render himself immune from a nonsuit. With the evidence in this posture, the trier of the facts *may* reasonably find for the plaintiff by drawing the permissible inferences favorable to him. This does not mean that the plaintiff is entitled to a directed verdict or that the burden is shifted to the defendant. It merely means that the plaintiff has sustained his burden of going forward with the evidence. On the other hand, a plaintiff's proof may be so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence. In such a case the plaintiff will be entitled to a directed verdict. If he has proved the defendant's negligence to that extent, he is at that point entitled to a "necessary inference" of negligence. When, however, the plaintiff has proved the defendant's negligence to be so probable that he has made out only a "prima-facie case" he is entitled to only a "permissible inference" not a "necessary inference" of negligence and is not entitled to a directed verdict. The term "presumption" has been used loosely to mean "a permissible inference" in some instances and "a necessary inference" in other instances. A

1. Although it is settled New York law that a party who pleads specific acts of negligence *and* tries the case on that theory may not recover under the doctrine of res ipsa loquitur (Holtfoth v. Rochester Gen. Hosp., 304 N.Y. 27, 31, 105 N.E. 2d 610, 31 A.L.R.2d 1113; Goodheart v. American Airlines, Inc., 252 App.Div. 660, 662–663, 1 N.Y.S.2d 288; Scott v. City of New York, 2 A.D.2d 854, 155 N.Y.S.2d 787) there appears to be no authority in New York as to whether a plaintiff loses his right to rely on the doctrine merely by pleading specific acts of negligence. For the conflict in the authorities in other states, see 65 C.J.S. Negligence § 220, p. 1033.

2. But see Rochester Gas & Electric Corporation v. Dunlop, Cty.Ct.1933, 148 Misc. 849, 266 N.Y.S. 469; cf. Note, Res Ipsa Loquitur: Applicability to Airplane Accidents, 37 Corn.L.Q. 543 (1952).

true presumption arises when the plaintiff establishes to the satisfaction of the fact-trier the basic facts which *require* a finding of the presumed fact. When a true presumption arises, the defendant must come forward and rebut the presumption or suffer a directed verdict. It is because of the failure to define such terms that considerable confusion is reflected in many cases concerned with the procedural effects of the doctrine of res ipsa loquitur, when it is held to apply. Rosenthal, The Procedural Effects of Res Ipsa Loquitur in New York, 22 Corn.L.Q. 39 (1936).

It was not until 1941 that the New York Court of Appeals felt constrained to say that

"the time has come to attempt authoritative formulation of the procedural rule, confused in this State as in other jurisdictions by earlier failure to appreciate fully the implications latent in the rule of res ipsa loquitur." Foltis, Inc. v. City of New York, 287 N.Y. 108, 121, 38 N.E.2d 455, 463, 153 A.L.R. 1122.

■■ In that case the court makes it clear that when the doctrine of res ipsa loquitur may be invoked, the evidence introduced by the plaintiff up to that point is merely sufficient to establish prima-facie negligence of the defendant but is not conclusive proof thereof; that where the rule of res ipsa loquitur is applied the burden of showing that the injury is due to the negligence of the defendant rests on the plaintiff; that the burden never shifts to the defendant and the plaintiff must sustain its claim by a preponderance of evidence. The court also expresses this effect of the doctrine in the terms of inferences and clearly uses the term inference to mean a permissible rather than a necessary inference. The court quoted from Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815 as follows:

"Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff." Foltis, supra, 287 N.Y. at page 119, 38 N.E.2d at page 461.

The court cited cases in other jurisdictions which have held that, even where a defendant does not produce evidence to rebut the plaintiff's prima-facie case established by application of the rule of res ipsa loquitur, it is for the jury to determine whether the inference of negligence should be drawn. Although the defendant did introduce some evidence to rebut plaintiff's prima-facie case in Foltis, the court, nevertheless, in its authoritative formulation of the procedural rule said, in effect, that even where the defendant introduces no such evidence the question of whether the defendant was at fault in what he did or failed to do is ordinarily one of fact to be determined by the trier of the facts. Foltis, supra, 287 N.Y. at page 122, 38 N.E.2d at page 463. See notes, 27 Corn.L.Q. 285; 42 Col.L.Rev. 877. For the most recent decision as to the procedural consequences of res ipsa loquitur, see Nixon v. New York Central Railroad Company, App.Div. 2d Dept., 199 N.Y.S.2d 721, affirming an order of the Supreme Court, Nassau County, which denied a motion for summary judgment in a res ipsa case. N.Y.L.J. April 12th, p. 9.

■ Since the plaintiffs would not be entitled to judgment in their favor on the question of liability merely by establishing a prima-facie case sufficient to invoke the doctrine of res ipsa loquitur, the court at motion term should not

usurp the power of the trial judge by drawing now one of the two permissible inferences.

The motion for summary judgment on the issue of liability is denied. Settle order within 10 days from the date hereof.