■ MESGHENA WOLDEYOHANNES, Appellant-Respondent, v ARTHUR Y. WEBB, Respondent-Appellant. — Order of the Supreme Court, New York County (Wallach, J.), entered March 9, 1983, which denied plaintiff's motion for a preliminary injunction restraining respondent from withholding payments that plaintiff alleges are due for services compensable under Medicaid, and which denied respondent's cross motion to dismiss for failure to state a cause of action, the complaint for a declaratory judgment that 18 NYCRR 515.7 is unconstitutional, unanimously modified, on the law and the facts, without costs, and the rule declared to be valid. Respondent-cross-appellant, the Commissioner of the New York State Department of Social Services, withheld Medicaid provider payments from plaintiff, a Manhattan physician, pending the outcome of administrative hearings concerning plaintiff's alleged practice of providing unnecessary and expensive tests for Medicaid patients. The plaintiff physician sought a preliminary injunction restraining the department from withholding payments during the course of his underlying declaratory judgment action challenging the constitutionality of the regulations under which the payments are being withheld and the statistical methods the department used in making its restitution decision. Plaintiff's complaint fails to state a cause of action. There is no constitutional infirmity in the departmental regulations (18 NYCRR 515.7) for withholding Medicaid provider payments pending a hearing. (See *Pelini v Blum*, 555 F Supp 181 [SDNY].) The use of statistical samples has been recognized as a valid basis for findings of fact in the context of Medicaid reimbursement. (*Illinois Physicians Union v Miller*, 675 F2d 151.) The purpose of the administrative hearing is to determine whether a physician is in fact entitled to the claimed payments. Should the plaintiff prevail in establishing the legitimacy of his billing practices, he can then receive his due. Concur — Kupferman, J. P., Silverman, Bloom, Milonas and Kassal, JJ.

■ In the Matter of WILLIAM D. BORMAN v BASIL A. PATERSON. — Motion to dismiss proceeding granted with $20 costs. Concur — Murphy, P. J., Kupferman, Ross, Kassal and Alexander, JJ.

■ In the Matter of JOEL S. MEDOWS, an Attorney. — Motion granted, with $20 costs, and respondent suspended from practice as an attorney and counselor at law in the State of New York, effective July 21, 1983, until such time as the matters herein are concluded and until the further order of this court. Concur — Sandler, J. P., Carro, Asch, Fein and Alexander, JJ.