GENE E. LADD et al., Respondents, v HUDSON VALLEY AMBU-
LANCE SERVICE, Defendant and Third-Party Plaintiff-Ap-
pellant. MERCY COMMUNITY HOSPITAL, Third-Party Defen-
dant-Respondent.

Third Department, November 23, 1988

### APPEARANCES OF COUNSEL

*Gross, Gross & Gross (Robert M. Cohen* of counsel), for defendant and third-party plaintiff-appellant.

*Bower & Gardner (Howard R. Cohen* and *James R. Langione* of counsel), for third-party defendant-respondent.

*Orseck, Orseck, Greenberg & Waldman (Donald Orseck* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

On March 16, 1984, plaintiff Gene E. Ladd (hereinafter plaintiff), a patient at Mercy Community Hospital in the City of Port Jervis, Orange County, was to be transported to another medical facility for further tests because of the unavailability of technical equipment at Mercy. In furtherance of that purpose, defendant dispatched an ambulance with two State-certified emergency medical technicians (hereinafter EMTs) to Mercy. Upon arrival, the EMTs rolled a mechanical stretcher, sometimes referred to as a gurney, to plaintiff's room and, after adjusting it, instructed plaintiff to mount the stretcher. As soon as plaintiff put his full weight on the stretcher, it immediately collapsed, causing him to fall to the floor and sustain serious injuries.

Thereafter, plaintiff and his wife commenced this negligence action against defendant with plaintiff's wife pleading a cause of action for loss of consortium. Plaintiffs did not plead the doctrine of res ipsa loquitur in either their complaint or their bill of particulars. Following the joinder of issue in the main action, defendant commenced a third-party action against Mercy seeking indemnification or contribution.

At the bifurcated trial, only plaintiff testified in person and the jury heard portions of the examination before trial of defendant's manager and a statement by defendant's two EMTs. After plaintiffs rested, both defendant and Mercy rested without offering any proof. In its instructions, Supreme Court charged general principles of negligence but would not charge res ipsa loquitur despite plaintiffs' several requests. Following the charge, defendant excepted to the court's failure to charge comparative negligence and plaintiffs again requested that the court charge res ipsa loquitur; both requests were denied.

After deliberations, the jury returned a unanimous verdict

of no cause of action in favor of defendant. Plaintiffs moved to set aside the verdict and for a directed verdict on the basis of Supreme Court's refusal to charge res ipsa loquitur and that the verdict was against the weight of the evidence. Mercy cross-moved for an order dismissing the third-party complaint. Supreme Court granted plaintiffs' motion, setting aside the jury's verdict and ordering a new trial on the basis that it was error for it not to have charged res ipsa loquitur.* This appeal by defendant ensued.

■ While defendant concedes that a plaintiff who elicits proof of specific acts of negligence, as was done herein, can also seek to use the inference of res ipsa loquitur *(Abbott v Page Airways,* 23 NY2d 502, 511), it nonetheless argues that such a plaintiff, as here, could not invoke this doctrine unless he specifically pleaded it in his complaint and/or bill of particulars. We disagree.

The failure to plead res ipsa loquitur does not preclude its application to appropriate facts *(Weeden v Armor Elevator Co.,* 97 AD2d 197, 201-202). This rule is consistent with the observations of the Court of Appeals in *Abbott v Page Airways (supra,* at 512), that: "there can be no logical or reasonable basis for requiring a plaintiff to choose between *res ipsa* and specific evidence of negligence or for precluding him from relying on *res ipsa* principles once evidence of negligence [has] been introduced, unless the two alternate modes of proof are fundamentally or inherently inconsistent." Indeed, the court went on to explain that the only difference between a res ipsa case and the more usual negligence case is that, "among all the *possible* causes of the injury, those which point to the defendant's negligence are so probable * * * and those which would exonerate him are so improbable, that it is *unnecessary to specify* the one that actually led to the occurrence" *(supra,* at 512-513 [emphasis in original]). Accordingly, as long as res ipsa loquitur is not ruled out by the complaint's allegations, there is no reason for a defendant to complain that he was not properly put on notice of the potential applicability of the doctrine. To be sure, defendant was on notice of plaintiffs' intent to rely on the doctrine throughout the trial of this case because plaintiffs requested the charge prior to the selection of the jury.

Defendant's reliance on *Holtfoth v Rochester Gen. Hosp.*

---

* The court also granted Mercy's cross motion for dismissal of the third-party complaint.

(304 NY 27) to support a contrary result is misplaced. It is true that in *Holtfoth* the Court of Appeals stated that: "The case was tried as one based upon alleged negligence of the defendant hospital in furnishing plaintiff with * * * a wheel chair—which was defective. Thus pleaded and tried, the plaintiff's case does not lend itself to the doctrine of *res ipsa loquitur" (supra,* at 31). But there are significant differences between *Holtfoth* and the case at bar that preclude its holding from being dispositive of the issue before this court. Notably, in *Holtfoth,* the plaintiff apparently did not attempt to invoke the doctrine at trial but did so on appeal. Next, it does not even appear that the factual pattern in *Holtfoth* satisfied a res ipsa loquitur theory. Finally, none of the four cases cited in *Holtfoth* for the proposition quoted above actually hold that the pleading of res ipsa loquitur is a required prerequisite to invoking that doctrine at trial.

We also reject defendant's reliance on our decision in *Gibson v D'Amico* (97 AD2d 905, *lv denied* 61 NY2d 603). In *Gibson,* we noted that the plaintiff did not "plead or prove liability under the theory of *res ipsa loquitur" (supra,* at 907). We did not say that it was necessary to plead *and* prove that doctrine. In fact, defendant does not cite any case wherein it was held that the doctrine would have been applicable except for the party's failure to plead it. Accordingly, we hold that since plaintiff's proof conformed to the application of res ipsa loquitur, the failure to specifically plead the doctrine did not bar its later invocation.

As we have determined that plaintiffs were not required to specifically plead res ipsa loquitur, we must next decide the applicability of the inference to the case at bar. In New York, a case should be submitted on the theory of res ipsa loquitur only when the plaintiff can establish the following elements: " ' "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" ' * * *. Only when these essential elements have been established * * * does a prima facie case of negligence exist" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226-227; *see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623). Here, all three elements are present. The accident would not have occurred in the absence of someone's negligence, the stretcher was in the exclusive control of defendant and plain-

tiff was free of any contributory negligence. We therefore adhere to our position in *Davison v Bernarr Macfadden Found.* (4 AD2d 978, *lv denied* 4 NY2d 674), in which we held that res ipsa loquitur applied where a patient on a mechanical examining table was injured when the table gave way without explanation since the inference was "inescapable that either the table sections were not properly locked in position or that the mechanical parts of the table were defective".

■ Accordingly, we conclude that Supreme Court properly granted plaintiff's motion to set aside the verdict in favor of defendant and grant a new trial. We note that defendant did not oppose before Supreme Court the motion to dismiss its third-party action against Mercy. Thus, that issue was not preserved for our review (*see, Matter of Van Alstyne v David Q.,* 92 AD2d 971, 972).

KANE, YESAWICH, JR., HARVEY and MERCURE, JJ., concur.

Order affirmed, without costs.