■ JAMES DAVIS, Appellant, v VANTAGE HOMES, INC., Respondent and Third-Party Plaintiff-Respondent. TELECOM EQUIPMENT CORPORATION, Third-Party Defendant-Respondent. —Weiss, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 23, 1987 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff was employed by third-party defendant, which was engaged in the installation of a telephone system at the I.B.M. plant in Ulster County. Plaintiff was injured when the steps leading from a mobile home used by third-party defendant as an office on the jobsite collapsed while he was descending them. A jury returned a verdict in favor of defendant, which was the owner-lessor of the mobile home. This appeal ensued.[1]

Plaintiff's sole contention is that Supreme Court erred in refusing to charge res ipsa loquitur. Preliminarily, we observe that plaintiff's failure to specifically plead res ipsa loquitur did not foreclose application of the doctrine at trial, if warranted by the facts *(Ladd v Hudson Val. Ambulance Serv.,* 142 AD2d 17, 19-20). Nor did the presentation of specific evidence of negligence preclude reliance upon res ipsa loquitur principles *(supra).*

A case may be presented to a jury on a theory of res ipsa loquitur "only when a plaintiff has established that the event is of a kind which ordinarily does not occur absent someone's negligence, that the event was caused by an agency or instru-

---

1. We observe that while defendant also filed a notice of appeal from so much of the final judgment as dismissed its third-party cause of action, no relevant challenge has been addressed in its brief; the appeal has effectively been abandoned.

mentality within the exclusive control of the defendant, and that the event was not due to any voluntary action or contribution on the part of the plaintiff" *(Butti v Rollins,* 133 AD2d 205; *see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226-227; *Ladd v Hudson Val. Ambulance Serv., supra,* at 20).[2] The focus here is on the "exclusive control" factor. Pursuant to the terms of the lease agreement, defendant delivered and installed one set of stairs on November 20, 1981, some eight months before the accident. The mobile home was actually equipped with a second set of stairs and a question was raised as to which entity, defendant or third-party defendant, supplied the stairs which collapsed. Notably, defendant was not given notice of any defects in the stairs provided, nor required to make any repairs. The record further indicates that the stairs were subject to constant daily use by employees of third-party defendant and I.B.M. Given these conditions, we conclude that plaintiff failed to establish that the stairs which collapsed, causing his injuries, were in the "exclusive control" of defendant. Consequently, Supreme Court correctly refused to charge res ipsa loquitur *(see, Dermatossian v New York City Tr. Auth., supra,* at 226-228).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

**2.** We need not address whether the third definitional requirement pertaining to plaintiff's contributing conduct remains viable in this era of comparative fault *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 227, n 5).