In the Matter of MEDICON DIAGNOSTIC LABORATORIES, INC., Appellant-Respondent, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent-Appellant.

Third Department, February 16, 1989

## APPEARANCES OF COUNSEL

*Cooper, Erving, Savage, Nolan & Heller (Mark E. Watkins* of counsel), for appellant-respondent.

*Robert Abrams, Attorney-General (Richard J. Dorsey* and *Peter G. Crary* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MAHONEY, P. J.

As a result of marked increases in Medicaid billing by medical laboratories, the State Department of Social Services began to investigate the billing practices of some 40 laboratories and instituted a partial withholding of payments to them, including one operated by petitioner. Following further investigation, including on-site audits, the Department determined that there was reliable information to believe that petitioner was engaged in fraud, willful misrepresentation, program abuse or unacceptable practice (18 NYCRR 518.7 [a]) and, in July 1988, notified petitioner that payments were being withheld on all claims previously submitted but not paid and those thereafter submitted for 90 days while a draft audit was completed.

Petitioner then, by order to show cause, commenced this CPLR article 78 proceeding alleging that (1) the withholding was arbitrary and capricious due to insufficient information, (2) 18 NYCRR 518.7 was unconstitutional as a deprivation of property without due process, (3) it had been damaged by the improper withholding, and (4) 18 NYCRR 518.7 was void as improperly promulgated. Petitioner sought annulment of the determination to withhold, invalidation of the regulation, injunctive relief and damages. Supreme Court declared that 18 NYCRR 518.7 was unconstitutional and annulled the determination to withhold, but denied the petition in all other

respects.[1] Petitioner appealed from so much of the judgment entered thereon as denied the petition in all respects other than the relief granted. Respondent then cross-appealed from that part of the judgment which declared 18 NYCRR 518.7 unconstitutional and annulled the determination to withhold.

■ ■ Preliminarily, petitioner does not address whether dismissal of its petition insofar as it sought damages was proper. Thus, we deem this matter abandoned on appeal *(see, e.g., Davis v Vantage Homes,* 146 AD2d 879). Also, preliminarily, petitioner argues on its appeal that Supreme Court should have addressed its nonconstitutional claims before reaching the constitutional issue. Petitioner received complete relief from Supreme Court, i.e., a declaration that 18 NYCRR 518.7 is unconstitutional and annulment of the determination to withhold, and thus is not an aggrieved party who can appeal even though it failed to prevail on all the issues it had raised *(see,* CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545). Nonetheless, we can review these issues because on respondent's appeal petitioner may suffer reversal *(supra,* at 545-546). We agree that constitutional issues should be avoided whenever possible *(see, e.g., Matter of Beach v Shanley,* 62 NY2d 241, 254) and, accordingly, the nonconstitutional issues should be resolved before reaching the crux of this case, which is the constitutionality of 18 NYCRR 518.7. Since the submissions before Supreme Court are in the record, we shall promote judicial efficiency by reaching these matters rather than remitting them for consideration.

■ Petitioner contends that 18 NYCRR 518.7 was improperly promulgated because the Department failed to prepare revised regulatory impact and flexibility statements as required by State Administrative Procedure Act §§ 202-a and 202-b. Respondent contends that revised statements were not necessary for the regulation to be properly promulgated. It appears that 18 NYCRR 518.7 was added after the statements were filed for proposed 18 NYCRR part 518. Revised regulatory impact and flexibility statements are required when the rule as adopted includes a substantial change from the rule as proposed and the change requires modification of the state-

1. Although Supreme Court's decision reflects that this proceeding was converted to the extent necessary into a declaratory judgment action, the judgment appealed from does not reflect any such conversion. Nonetheless, we deem the judgment to incorporate the court's determination in this regard.

ments (State Administrative Procedure Act § 202-a [6] [a] [ii]; § 202-b [7] [a] [ii]). The Department recognized the addition of 18 NYCRR 518.7 as a substantive change but noted that revised statements were not necessary (NY St Register, June 1, 1988, at 35). We agree. The Department has long had regulatory authority to delay or withhold payment of claims pending completion of preliminary investigation *(see,* 18 NYCRR 504.8 [d]; *see also, Woldeyohannes v Webb,* 96 AD2d 493) and 18 NYCRR 518.7 merely prescribes procedures for the withholding. The statements on file reflect that the rule as proposed would establish standards for withholding medical payments, as well as related information (NY St Register, Nov. 18, 1987, at 35), so that the addition of 18 NYCRR 518.7, which does precisely what the statements specified, did not warrant revised statements. Under such circumstances, we conclude that 18 NYCRR 518.7 was properly promulgated.

█ Petitioner also claims that the regulation is void in that it fails to establish adequate standards for withholding. We disagree. The regulation conditions withholding upon reliable information of fraud, willful misrepresentation, program abuse or unacceptable practices, which are objective, definable standards *(see,* 18 NYCRR 515.1 [b] [1], [7]; 515.2 [defining abuse, fraud and unacceptable practices]) preventing the agency from taking arbitrary action *(see, e.g., Matter of Nicholas v Kahn,* 47 NY2d 24, 34).

It is now appropriate to address the primary issue in this case, whether 18 NYCRR 518.7 is constitutional. Supreme Court recognized conflicting decisions on this point *(compare ADL, Inc. v Perales,* US Dist Ct, SD NY, Aug. 2, 1988, Keenan, J., *with Matter of FYM Clinical Lab. v Perales,* Sup Ct, Albany County, Aug. 19, 1988, Klein, J., *mod* — AD2d — [decided herewith]) and decided to follow *ADL, Inc. v Perales (supra)* in declaring the regulation deficient under due process requirements. In *ADL* the Federal District Court acknowledged the presence of a property interest in claims for work performed and a substantial State interest in administering the Medicaid system, but found the regulatory procedures, especially the nature of the "reliable information" upon which the withholding is premised, constitutionally deficient. Respondent argues that this assessment is flawed because petitioner is really seeking prompt payment of claims, in which it has no property interest. Petitioner responds that it has a property interest in the withheld funds for work performed and the regulation's procedures fail to adequately protect that

interest. This court consistently has held that there is no property interest subject to due process protection in the prompt payment of claims *(see, e.g., Matter of Siddiqui v New York State Dept. of Social Servs.,* 116 AD2d 909, 911). Thus, if petitioner's claim is characterized as such, there can be no due process violation.

■ If petitioner's characterization is correct and a property interest is being infringed, it remains to determine what process is due *(see, e.g., Morrissey v Brewer,* 408 US 471, 481). This turns on such factors as the private interest affected, the risk and effect of an erroneous deprivation and the State interest involved *(see, e.g., Mathews v Eldridge,* 424 US 319, 335). In this case, the challenged regulation permits withholding only when there is "reliable information that a provider is involved in fraud or willful misrepresentation involving claims submitted to the program, or has abused the program or committed an unacceptable practice" (18 NYCRR 518.7 [a]). Thus, the circumstances warranting withholding are narrowly drawn. Furthermore, notice of the withholding must be given to the provider not later than five days after it begins (18 NYCRR 518.7 [b]). Although this notice need not include specific information, it must describe the reasons for the withholding (18 NYCRR 518.7 [b]). It must also, *inter alia,* provide an opportunity for written arguments and submissions in opposition (18 NYCRR 518.7 [c] [4]). Most importantly, it authorizes withholding for only 90 days, unless a written report or notice of proposed agency action is given to the provider (18 NYCRR 518.7 [d]), at which time other procedures are involved (18 NYCRR part 519).[2] The challenged regulation, then, imposes only a limited deprivation with a variety of procedural safeguards. When considered against the State's acknowledged important interest in protecting the integrity of the Medicaid system[3] *(see, e.g., Matter of Camperlengo v Blum,* 56 NY2d 251, 255-256) and petitioner's interest, including the fact that petitioner may be able to sue the State

2. In *ADL, Inc. v Perales* (US Dist Ct, SD NY, Aug. 2, 1988, Keenan, J.), the court considered the time periods included in these other provisions when making its determination. Inasmuch as petitioner's challenge is solely to the temporary withholding procedures of 18 NYCRR 518.7, we confine our consideration accordingly.

3. The State's interest must not be underestimated. Evidence in the record suggests that Medicaid was to be billed about $240 million for laboratory services in 1988, more than double the amount billed in 1987. As the amount of public money involved so dramatically increases, so, too, must the State's interest in safeguarding that money.

for damages (in the appropriate forum) if there is an erroneous determination causing monetary injury (see, *Pelini v Blum,* 555 F Supp 181, 183), we conclude that the regulation provides all the process which is due.

■ Having upheld the constitutionality of the regulation pursuant to which the withholding occurred, we must address petitioner's claim that the withholding was arbitrary and capricious as alleged. It appears that this contention has been rendered moot since the 90-day withholding period has expired and respondent retains no withheld funds. In any event, the withholding was based on signed statements from physicians who affirmatively denied ordering certain tests for which petitioner submitted claims. This information was verified by petitioner's own investigator. These statements constitute reliable information of fraud, willful misrepresentation, program abuse or unacceptable practice as required by the regulation, so that the withholding was properly ordered.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law, with costs to respondent, by reversing so much thereof as annulled respondent's determination and declared 18 NYCRR 518.7 unconstitutional; determination confirmed and it is declared that 18 NYCRR 518.7 has not been shown to be invalidly promulgated or unconstitutional; and, as so modified, affirmed.