■ In the Matter of FYM CLINICAL LABORATORY, INC., Appellant, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent. —Mahoney, P. J. Appeal from a judgment of the Supreme Court (Klein, J.), entered August 31, 1988 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent ordering temporary withholding of Medicaid reimbursement to petitioner.

Petitioner operates a medical laboratory which had its Medicaid billing practices investigated by the State Department of Social Services. Following a partial withholding of Medicaid claims and an on-site audit, the Department determined that there was reliable information that petitioner was engaged in fraud, willful misrepresentation, program abuse or unacceptable practices. Pursuant to 18 NYCRR 518.7, the Department instituted a complete withholding on all claims previously submitted but not paid and all claims thereafter submitted for 90 days while a draft audit was prepared. During the 90-day withholding period, petitioner, by order to show cause, commenced this CPLR article 78 proceeding challenging, inter alia, the determination to withhold and the validity and constitutionality of 18 NYCRR 518.7. Petitioner sought annulment of the determination, invalidation of the regulation, injunctive relief and damages. Respondent moved to dismiss the petition for failing to state a cause of action. Supreme Court dismissed the petition after rejecting petitioner's contentions. Petitioner appeals from the judgment entered thereon.

Preliminarily, on this appeal, petitioner fails to address the

denial of its cause of action for damages and, accordingly, we deem this claim to have been abandoned *(see, e.g., Davis v Vantage Homes,* 146 AD2d 879). Also preliminarily, Supreme Court improperly failed to convert the proceeding to the extent necessary into a declaratory judgment action challenging 18 NYCRR 518.7 *(see, e.g., Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191-192). We invoke our authority and do so (CPLR 103 [c]).

Petitioner argues that dismissal of the petition was improper prior to joinder of issue. We note that Supreme Court did not treat the motion as one for summary judgment upon proper notice to the parties *(see,* CPLR 3211 [c]; *Matter of Board of Educ. v State Educ. Dept.,* 116 AD2d 939, 941). Thus, Supreme Court, in ruling on the motion to dismiss on objection in point of law, should have considered only the petition, taking the allegations therein as true and ignoring opposing affidavits, and our review is limited accordingly *(supra,* at 940-941).

Aside from the abandoned damages claim, the petition challenges the constitutionality and validity of 18 NYCRR 518.7 and alleges that the determination to withhold was arbitrary and capricious. As to the former challenges, petitioner contends that the regulation was improperly promulgated and unconstitutionally deprives it of property without due process. We have upheld the regulation against these precise challenges *(Matter of Medicon Diagnostic Labs. v Perales,* 145 AD2d 167 [decided herewith]). Thus, these matters were properly disposed of at this procedural stage. As to the latter challenge, it appears that the period during which withholding was available has expired and that, pursuant to court order staying the withholding, no withheld funds were retained by respondent. Whether the determination to withhold was arbitrary and capricious has thus been rendered moot.

Judgment modified, on the law, with costs to respondent, by reversing so much thereof as dismissed petitioner's second and fourth causes of action; proceeding converted to a declaratory judgment action, motion denied as to the second and fourth causes of action, and it is declared that 18 NYCRR 518.7 has not been shown to be invalidly promulgated or unconstitutional; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.