Kaziyeva v Temana Assoc., Inc. (2022 NY Slip Op 04159)

Kaziyeva v Temana Assoc., Inc.

2022 NY Slip Op 04159

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-08090
2019-13079
 (Index No. 709590/18)

[*1]Roza Kaziyeva, etc., respondent, 
v
Temana Associates, Inc., et al., defendants, Dry Harbor HRF, Inc., etc., appellant.

Martin Clearwater & Bell, LLP, East Meadow, NY (Gregory A. Cascino and Conrad A. Chayes of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant Dry Harbor HRF, Inc., appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated May 6, 2019, and (2) an order of the same court dated September 30, 2019. The order dated May 6, 2019, denied that defendant's motion pursuant to CPLR 3012-a and 3406(a) to compel the plaintiff to serve a certificate of merit and notice of medical malpractice, and pursuant to 22 NYCRR 202.3 to transfer this action to the Medical Malpractice Part. The order dated September 30, 2019, denied that defendant's motion for leave to renew its prior motion pursuant to CPLR 3012-a and 3406(a) to compel the plaintiff to serve a certificate of merit and notice of medical malpractice, and pursuant to 22 NYCRR 202.3 to transfer this action to the Medical Malpractice Part.
ORDERED that the orders are affirmed, without costs or disbursements.
Roza Kaziyeva, as administrator of the estate of Esa Rafailova (hereinafter the decedent), commenced this action, inter alia, to recover damages for wrongful death. The complaint alleged that on March 9, 2017, the decedent was being transported from a nursing home that was owned and operated by the defendant Dry Harbor HRF, Inc. (hereinafter Dry Harbor), to a doctor's appointment, via an ambulette owned by the defendant Temana Associates, Inc.. The decedent was in a wheelchair at the time, and was accompanied by an aide employed by Dry Harbor. The complaint alleged that the ambulette operator placed the decedent in her wheelchair on the ambulette's lift, and that the decedent was thereafter "caused to be violently propelled to the ground due to lack of proper restraint/securement." As a result, the decedent allegedly sustained severe bodily injuries which ultimately caused her death.
Dry Harbor moved pursuant to CPLR 3012-a and 3406(a) to compel the plaintiff to serve a certificate of merit and a notice of medical malpractice, and pursuant to 22 NYCRR 202.3 to transfer this action to the Medical Malpractice Part. Dry Harbor argued that the allegations set forth in the complaint and the verified bills of particular sounded in medical malpractice. The plaintiff opposed Dry Harbor's motion. In an order dated May 6, 2019, the Supreme Court, upon determining that the allegations in the complaint sounded in ordinary negligence, not medical malpractice, denied Dry Harbor's motion.
Dry Harbor subsequently moved for leave to renew its prior motion. The plaintiff opposed Dry Harbor's motion. In an order dated September 30, 2019, the Supreme Court denied Dry Harbor's motion. Dry Harbor appeals from the May 6, 2019 order and the September 30, 2019 order.
"[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787 [internal quotation marks omitted]). "[A] claim sounds in medical malpractice when the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" to a particular patient (id. at 788 [internal quotation marks omitted]; see Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 93; Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339-1340). "By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the . . . failure in fulfilling a different duty, the claim sounds in negligence" (Weiner v Lenox Hill Hosp., 88 NY2d at 788 [internal quotation marks omitted]).
Here, the complaint alleged that the defendants breached their duty to properly "secure the wheelchair in the ambulette, as well as to properly utilize seating restraints in the wheelchair." There is no allegation that these failures were the result of an inadequate medical assessment (cf. Scott v Uljanov, 74 NY2d 673, 675; Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 94; Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499), and "[t]he core issue . . . does not implicate questions of medical competence or judgment linked to the treatment of [the decedent]" (Weiner v Lenox Hill Hosp., 88 NY2d at 788; see Bleiler v Bodnar, 65 NY2d 65, 73; Iacono v New York Polyclinic Med. School & Hosp., 269 App Div 955, 955, affd 296 NY 502; Ranelli v Society of N.Y. Hosp., 269 App Div 906, 906-907, affd 295 NY 850; see generally Kasper v Metropolitan Transp. Auth. Long Is. Bus, 90 AD3d 998, 999). To the extent that the complaint alleged, in effect, that Dry Harbor "failed to use due care in selecting and furnishing [medical] personnel" (Bleiler v Bodnar, 65 NY2d at 73), that it "fail[ed] to adopt and prescribe proper procedures and regulations" (id.), and that it "fail[ed] to provide a functioning wheelchair" (id.), such allegations sounded in ordinary negligence, as they relate to duties that arise outside the scope of medical treatment (see id.; Holtfoth v Rochester Gen. Hosp., 304 NY 27, 32; McCormack v Mount Sinai Hosp., 85 AD2d 596, 597). Accordingly, since the conduct challenged in the complaint did not bear a substantial relationship to the rendition of medical treatment to the decedent (see Weiner v Lenox Hill Hosp., 88 NY2d at 788), the Supreme Court properly denied Dry Harbor's motion to compel the plaintiff to serve a certificate of merit and a notice of medical malpractice, and to transfer this action to the Medical Malpractice Part. The court also properly denied Dry Harbor's subsequent motion for leave to renew since, contrary to its contention, there was no change in the law that would impact the court's prior determination (see Deutsche Bank Natl. Trust Co. Ams. v Bernal, 186 AD3d 1491, 1493).
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court