■ HERSHEL SILBERMAN et al., Appellants, v JACK LAZAROWITZ et al., Defendants and Third-Party Plaintiffs-Respondents. JENO SILBERMAN et al., Third-Party Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pizzuto, J.), entered August 2, 1985, which, upon a jury verdict, was in favor of the defendants and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted as to all of the parties, with costs to abide the event.

The plaintiffs allege that, as a result of the defendants' negligence, the plaintiff Hershel Silberman sustained injuries when he was struck by glass shelves which fell from wall brackets in the clothing store operated by the defendants. The defendant Jack Lazarowitz and the plaintiff Hershel Silberman were in a stockroom which separated the defendants' store from the flower shop operated by Hershel Silberman's parents, the third-party defendants Jeno Silberman and Magda Silberman, who also owned the premises leased to the

defendants. Suddenly, the glass in two shelves above the doorway which leads into the flower shop fell, striking both Jack Lazarowitz and Hershel Silberman. Brackets attached to runners on the wall had supported the shelves.

The defendants' lease provided that their tenancy commenced on August 25, 1982, and that they were to make any and all repairs to the premises, fixtures and appurtenances in order to preserve them in good order and condition. In addition, evidence was adduced that the defendant Jack Lazarowitz had, at some point prior to the incident, removed the shelves from the walls and then replaced them.

We agree with the plaintiffs' contention that the trial court erred in refusing to submit the case to the jury on an alternate theory of res ipsa loquitur. Such submission is warranted when the plaintiff establishes three necessary elements: (1) The event must be of a kind which would not ordinarily occur in the absence of someone's negligence, (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *Weeden v Armor Elevator Co.,* 97 AD2d 197, 203; *see also, Mack v Lydia E. Hall Hosp.,* 121 AD2d 431, 432).

A review of the record does not indicate that proof was adduced which actually refuted or negated the inference which might otherwise have been drawn from the application of that doctrine *(see, Abbott v Page Airways,* 23 NY2d 502, 511). Even though the plaintiffs did not plead res ipsa loquitur and relied upon specific acts of negligence, they are not precluded from invoking the doctrine where the facts adduced warrant its application *(see, Abbott v Page Airways, supra,* at 511-512; *Weeden v Armor Elevator Co., supra,* at 202). Therefore, the plaintiffs' introduction of specific evidence of the defendant Jack Lazarowitz's negligence with respect to the glass shelves does not prohibit an instruction to the jury on res ipsa loquitur. The theories are not mutually exclusive, and a plaintiff is not required to elect between them when no fundamental or inherent inconsistency exists *(see, Weeden v Armor Elevator Co., supra,* at 202).

We find that the facts adduced at the trial sufficiently established the requisite elements so as to sustain a jury instruction on res ipsa loquitur. The unexplained fall of the glass shelves clearly required that the defendants come forward with an explanation as to its cause *(see, Vogel v Union Dime Sav. Bank,* 221 App Div 881, *affd* 247 NY 595; *Neuhoff v*

*Retlaw Realty Corp.,* 289 NY 293). By the terms of the lease, the stockroom where the accident occurred was within the defendants' exclusive control. In addition, there was no proof that anyone other than the defendants were responsible for the maintenance of the premises, or that anyone other than the defendant Lazarowitz had touched the shelves. Finally, the record is devoid of any evidence which could even remotely connect the occurrence of the incident to any culpable conduct on the part of the plaintiff. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.