(June 13, 1988)

■ MONICA ABBOTT, an Infant, by Her Parent and Natural Guardian, GLEN ABBOTT, et al., Appellants, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Defendants, and PAUL PACKER et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered March 25, 1987, which, upon a jury verdict, is in favor of the respondents and against them.

Ordered that the judgment is affirmed, with costs.

On September 26, 1981, at 9:29 A.M., Thelma Abbott gave birth to a baby girl, the infant plaintiff Monica, at the New Rochelle Hospital Medical Center. She was attended by the obstetrician-gynecologist Dr. Paul Packer of New Rochelle Gynecological and Obstetrical Associates, P.C. The delivery was difficult because the baby had shoulder dystocia, i.e., although the head had emerged, the shoulders were stuck on the pelvic bone and the sacral promontory. After birth Monica was found to have an Erb's palsy or brachial plexus palsy to the right shoulder and arm, caused by tearing of the nerve roots that controlled the right upper extremity. The plaintiffs contended that this condition was caused when Dr. Packer applied excessive pressure during traction to the baby's head when trying to dislodge the shoulders. Dr. Packer's explana-

tion was that during the dystocia a retraction caused by the natural forces of labor "put a stretch on her right shoulder".

On this appeal, the plaintiffs contend that the trial court erred in refusing to charge the jury on the theory of res ipsa loquitur. Additionally, the plaintiffs contend that the trial court committed reversible error in limiting them without prior notice to one expert witness. The plaintiffs' final contention is that a certain remark made by the defense counsel in his summation was highly prejudicial and mandates reversal. We find the plaintiffs' contentions to be lacking in merit.

The doctrine of res ipsa loquitur permits a jury to infer negligence, based upon circumstantial evidence, from the mere occurrence of an event where the injury is of a character which would not ordinarily occur in the absence of negligence *(see, e.g., Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *George Foltis, Inc. v City of New York,* 287 NY 108, 115)*. As a general rule, submission of the case on the theory of res ipsa loquitur is warranted when the plaintiff can establish the following elements: (1) the event must be of a kind that would not occur absent someone's negligence; (2) the event must be caused by an agency or instrumentality within the defendant's exclusive control; and (3) the plaintiff must not have voluntarily contributed to the event *(see, Dermatossian v. New York City Tr. Auth., supra; see also, Silberman v Lazarowitz,* 130 AD2d 736; *Fogal v Genesee Hosp.,* 41 AD2d 468)*. Only when these essential elements have been established may the doctrine of res ipsa loquitur be charged to the jury.

In a medical malpractice case, the doctrine may be applicable where "an inference exonerating the physician is improbable as a matter of fact" *(Pipers v Rosenow,* 39 AD2d 240, 245; *see, Schoch v Dougherty,* 122 AD2d 467, 469, *lv denied* 69 NY2d 605)*. Thus, where an unexplained injury occurred in an area remote from the operative site while the patient was anesthetized, the doctrine of res ipsa loquitur has been applied *(see, Mack v Hall Hosp.,* 121 AD2d 431, 433; *Fogal v Genesee Hosp., supra; Pipers v Rosenow, supra)*. Additionally, where a foreign object is left in the body of a patient after an operative procedure is completed, a charge with respect to res ipsa loquitur would be warranted *(see, Pipers v Rosenow, supra)*.

Turning to the instant matter, we find that the facts adduced at trial were insufficient to establish the requisite elements so as to warrant a jury charge on the doctrine of res ipsa loquitur. Unlike the case of *Cornacchia v Mount Vernon*

*Hosp.* (93 AD2d 851), upon which the plaintiffs rely, the expert testimony did not provide a sufficient basis, when considered with the other proof, upon which the jury could infer negligence by the respondents. The nature of the injury-causing instrumentality had not been sufficiently demonstrated. Moreover, the type of injury suffered by the infant plaintiff was not a matter which common knowledge indicates was caused by negligence and the expert testimony simply provided a possible explanation for the injury. Although, at bar, the plaintiffs' expert testified that the infant plaintiff's injury could not have occurred absent the respondents' negligence, the respondents' expert presented credible testimony that the injury was precipitated by the force of labor placing a strain on the infant's shoulder. This is not a case where the appraisal of the circumstances attendant upon the injury-causing event is within the competence of the ordinary lay jury even as supplemented by the testimony of the expert witness.

Nor do we find that the trial court erred in limiting the plaintiffs' expert testimony. The plaintiffs' claim that the trial court limited them to one expert witness is inaccurate. The plaintiffs presented the testimony of a neurologist as well as that of an obstetrician-gynecologist. The trial court did not deny the plaintiffs the right to present a third expert witness. Rather, following an offer of proof and a finding that the prospective testimony would be largely repetitive, the trial court limited the area about which the expert witness could be questioned. Whether evidence should be limited as cumulative rests within the sound discretion of the trial court *(see, Irrizary v City of New York,* 95 AD2d 713). Upon this record, we perceive no improvident exercise of discretion.

With respect to the plaintiffs' final contention, the defense counsel in summation compared the plaintiffs' expert obstetrician-gynecologist to the television "gunman Palladin", stating that the expert's hallmark was "Have opinion, will travel". Although the remark may have been prejudicial, this isolated comment was followed by the court's prompt curative instructions. We are satisfied that the improper remark did not influence the jury's verdict and, therefore, the error, if any, was harmless *(see, Kavanaugh v Nussbaum,* 129 AD2d 559, *mod on other grounds* 71 NY2d 535; *John v Supermarket Gen. Corp.,* 116 AD2d 625). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.