▪ ELIZABETH PORTER, Respondent, v HUNTINGTON HOSPITAL, Defendant, and ROBERT CURRERI, Appellant.—In an action to recover damages for medical malpractice, the appeals are from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated October 19, 1987, which denied the appellant's motion for summary judgment, and (2) an order of the same court, also dated October 19, 1987, which granted the plaintiff's motion to amend the complaint to assert a claim based on the theory of res ipsa loquitur.

Ordered that the order granting the plaintiff's motion to amend the complaint is reversed, on the law, and the motion is denied; and it is further,

Ordered that the order denying the appellant's motion for summary judgment is modified, on the law, by deleting therefrom the provision denying those branches of the motion which were for summary judgment on the first and third causes of action asserted in the complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The affidavits submitted by the appellant, a physician, and

another medical expert established the appellant's entitlement to summary judgment on the first and third causes of action as a matter of law. Contrary to the plaintiff's assertion, the expert did not rely upon the appellant's allegation that he only made three unsuccessful attempts at femoral catheterization; his opinion was based upon a review of the hospital records, which indicated that many unsuccessful attempts were made. Thus, the plaintiff's testimony at an examination before trial that 10 to 12 attempts were made was insufficient to raise a triable issue of fact precluding summary judgment. Furthermore, since this is not a matter within the ordinary knowledge of the layman, direct expert medical opinion was required to demonstrate merit to the plaintiff's claim once the appellant demonstrated his entitlement to judgment as a matter of law *(see, Fiore v Galang,* 64 NY2d 999; *Wind v Cacho,* 111 AD2d 808, *appeal dismissed* 67 NY2d 871). Inasmuch as no such evidence was submitted, the appellant is entitled to summary judgment on the first and third causes of action.

However, with respect to the second cause of action, which was based on lack of informed consent, the appellant failed to establish his entitlement to judgment as a matter of law. Thus, he was properly denied summary judgment as to that cause of action, regardless of the sufficiency of the opposing papers *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851).

Finally, the plaintiff should not have been given permission to amend the complaint to assert the doctrine of res ipsa loquitur, as she has totally failed to establish that her injury is of a kind which ordinarily does not occur in the absence of negligence *(see, Pipers v Rosenow,* 39 AD2d 240). We note that the doctrine is evidentiary in nature and thus may be raised at any time when warranted by the-facts *(see, Weeden v Armor Elevator Co.,* 97 AD2d 197). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.