■ KEVIN SAGER et al., Individually and as Parents and Natural Guardians of KELLY SAGER, an Infant, Appellants-Respondents, v ROCHESTER GENERAL HOSPITAL, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The court erred in ordering plaintiffs to serve corrected responses to items Nos. 22, 34-37, and 55 of defendant's demand for a bill of particulars. There is no basis for the court's ruling directing plaintiffs to rewrite paragraph 22 to delete the tagline referring to "other" unspecified acts of negligence on defendant's part. Paragraph 22, which the court otherwise found to be adequate, contains specific allegations of negligence. The boilerplate reference to "other" acts of negligence is routine pleading practice and is not prejudicial to defendant.

The court erred in ordering plaintiffs to respond to items Nos. 34-37 by furnishing the names of all doctors, hospitals, therapists, etc., with whom Mrs. Sager and Kelly have treated for the past three years. The purpose of a bill of particulars is to amplify the pleadings; it is not a discovery device. The names of health care providers are not a proper subject of a bill of particulars.

The court erred in directing plaintiffs to furnish a response to item No. 55, which requests the method by which plaintiffs seek to have punitive damages calculated by the trier of fact. Whether item No. 55 is construed as a request that plaintiffs furnish evidentiary material or that they particularize a legal principle, the information sought is not a proper subject of a bill of particulars.

The court properly ordered plaintiffs to furnish medical records concerning all three plaintiffs for the past three years. Plaintiffs have put their mental and physical condition into

controversy and thereby have waived their physician-patient privilege. Moreover, the time provision of the court's order is reasonable.

Finally, defendant is entitled to disclosure of the Family Court records. The commencement of a child protective proceeding and the information generated therein are material and relevant to defense of the claim. (Appeals from Order of Supreme Court, Monroe County, Willis, J.—Discovery.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.