■ In the Matter of VICTOR BAHAR, Respondent, v STEVEN SCHWARTZREICH, Appellant, et al., Respondent. [611 NYS2d 619] —In a proceeding pursuant to CPLR article 78 to compel the

appellant to furnish to the petitioner certain documents for inspection and copying, Steven Schwartzreich appeals, as limited by his brief, from stated portions of (1) a judgment of the Supreme Court, Nassau County (Saladino, J.), dated November 14, 1991, which, *inter alia,* granted the petition, and (2) a resettled judgment of the same court dated February 3, 1992, which, *inter alia,* denied his motion for a preliminary injunction enjoining the petitioner from taking any corporate action unless so directed by a resolution of the board of directors of respondent Nassau Suffolk Frozen Food Co., Inc., and summarily dismissed all four counterclaims asserted in the answer to the petition.

Ordered that the appeal from the judgment dated November 14, 1991, is dismissed, as that judgment was superseded by the resettled judgment dated February 3, 1992; and it is further,

Ordered that the resettled judgment is modified, on the law, by deleting the provision thereof dismissing the first counterclaim for a declaratory judgment and substituting therefor a provision declaring that the petitioner may participate in the evaluation of vehicle-leasing arrangements of Nassau Suffolk Frozen Food Co., Inc., and continue to purchase products on behalf of Nassau Suffolk Frozen Food Co., Inc., without having his actions in this regard subject to formal, unanimous approval by its board of directors, pursuant to the provisions of the shareholders' agreements executed on September 4, 1980; as so modified, the resettled judgment is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner-respondent is awarded one bill of costs.

The petitioner Bahar and appellant Schwartzreich are shareholders, officers, and directors of Nassau Suffolk Frozen Food Co., Inc. (hereinafter Nassau Suffolk) a closely-held corporation formed in 1946, engaged in the wholesale sale and distribution of frozen foods. There is no provision for the management of Nassau Suffolk in the certificate of incorporation, nor are there any bylaws in this respect. Rather, pursuant to several shareholders' agreements executed on September 4, 1980, the two family groups that effectively control the corporation agreed, *inter alia,* that all corporate "matters" requiring approval by the shareholders or directors were to be determined by a unanimous vote of the groups, each having one vote. However, the only corporate "matter" expressly set forth as being subject to these provisions was the election of directors.

In 1991, a dispute arose between the petitioner and the appellant regarding, *inter alia*, the corporation's vehicle-leasing practices. In June 1991 after refusing to attend a special meeting of the board of directors noticed by the appellant to discuss the corporation's leasing "policies", the petitioner instituted this proceeding to compel the appellant and Nassau Suffolk to furnish him with the corporation's vehicle-leasing contracts and leases for inspection and copying. In his answer to the petition, the appellant asserted four counterclaims, seeking, *inter alia*, (1) a declaratory judgment that pursuant to the agreements dated September 4, 1980, the petitioner's "unilateral" actions with respect to the corporation's vehicle-leasing arrangements should be halted pending a formal meeting and vote of the board of directors, and (2) injunctive relief permanently enjoining the petitioner from interfering with established leasing practices absent formal board approval. Thereafter, the appellant cross-moved for a preliminary injunction, enjoining the petitioner from taking any corporate action, including but not limited to terminating the corporation's relationship with its exclusive vehicle supplier, without first obtaining formal board approval. Subsequently, the Supreme Court granted the petition, denied the cross motion for the preliminary injunction, and summarily dismissed the counterclaims.

In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings and papers submitted by the parties as if a motion for summary judgment were before it *(see,* CPLR 409 [b]; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893). Upon review of the record, we find that the appellant failed to raise any issues of fact warranting the relief requested in any of his counterclaims. More particularly, the record indicates that the actions taken by the petitioner which the appellant seeks to make subject to formal board approval had been conducted within the corporation in the years both prior and subsequent to the execution of the shareholders' agreements without "formal" board approval, as may be the case in closely-held corporations *(see, e.g., Gerard v Empire Sq. Realty Co.,* 195 App Div 244; *see generally,* 3 White, New York Corporations § 708.02, at 7-92—7-93). Moreover, even upon consideration of the relevant provisions of the shareholders' agreements, the actions in question are not generally considered to be matters of corporate policy requiring formal action by the board of directors *(see generally,* 3 White, New York Corporations § 701.03 [1]; § 708.03). Furthermore, we note that

the appellant has failed to substantiate his claim of fraud with the requisite specificity to support any counterclaim grounded thereon *(see,* CPLR 3016 [b]; *Lanzi v Brooks,* 43 NY2d 778). Therefore, the Supreme Court properly rebuffed the appellant's attempts to wrest control of the disputed action from the petitioner's authority.

While the appellant was not entitled to the declaratory relief requested, the Supreme Court erred in summarily dismissing that counterclaim without declaring the rights of the parties *(see, Hirsch v Lindor Realty Corp.,* 63 NY2d 878, 881; *Holliswood Care Ctr. v Whalen,* 58 NY2d 1001, 1004; *Bartlett v Evans,* 110 AD2d 612, 614). Consequently, we modify the resettled judgment to declare the rights of the parties in accordance with the relief sought.

The Supreme Court did not improperly exercise its discretion in denying the appellant's cross motion for a preliminary injunction *(see,* CPLR 6301; *Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Grant Co. v Srogi,* 52 NY2d 496, 517; *Schneider Leasing Plus v Stallone,* 172 AD2d 739).

We have examined the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.