■ In the Matter of YASUKO JACQUET, Appellant, v NATHAN S. KLINE INSTITUTE FOR PSYCHIATRIC RESEARCH et al., Respondents. [643 NYS2d 641]

The petitioner was a research scientist working at the respondent Nathan S. Kline Institute for Psychiatric Research, a State-funded operation. Her employment was terminated in early 1993, allegedly as a result of budgetary cutbacks. In this proceeding pursuant to CPLR article 78, she sought reinstatement as well as other relief, alleging, in relevant part, that the reasons for her termination were pretextual and that the respondents had violated Civil Service Law § 80-a by retaining more junior scientists who, despite their various specialty areas, occupied positions similar to her own.

By judgment dated June 24, 1994, the Supreme Court, Rockland County, dismissed the petition, holding, in relevant part, that the economic reasons advanced for the petitioner's termination were valid and that the respondents had acted properly by taking the petitioner's specialty designation into account to determine her seniority. We affirm.

The petitioner failed to establish an improper motive for her

dismissal, since her only evidence of a retaliatory motive was the hearsay statement of a fellow former research scientist, which was not evidence in admissible form (*see,* CPLR 7804 [h]; *Matter of Bahar v Schwartzreich,* 204 AD2d 441; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:9, at 664; *see also, Zuckerman v City of New York,* 49 NY2d 557). Moreover, the petitioner did not establish that the respondents' use of specialty designations in determining relative seniority rights under Civil Service Law § 80-a was irrational or unreasonable (*see, Matter of Howard v Wyman,* 28 NY2d 434, 438). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.