■ BARBARA PUGLIESE et al., Appellants, v CHARLES SIMONETTI, Respondent. [744 NYS2d 871] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered May 21, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established, prima facie, his entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant created or had actual or constructive notice of the allegedly defective boarding seat step, which collapsed when the plaintiff Barbara Pugliese stood on it in an effort to exit the defendant's motorboat (*see Abrams v Powerhouse Gym Merrick,* 284 AD2d 487; *Teig v Nissequogue Golf Club,* 278 AD2d 486).

Additionally, while the failure to plead the doctrine of res ipsa loquitur does not preclude its use if the evidence warrants its application (*see Weeden v Armor El. Co.,* 97 AD2d 197), the Supreme Court properly concluded that the plaintiffs cannot rely upon the doctrine in the instant case (*see Raimondi v New York Racing Assn.,* 213 AD2d 708). Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.