■ JEFFREY JOHN OLSON, Respondent, v 625 OCEAN COMPANY et al., Appellants, et al., Defendants. [834 NYS2d 481]—

In an action, inter alia, to recover damages for personal injuries, the defendants 625 Ocean Company, Harry D. Silverstein, and Ronald Dushame, sued herein as Ron "Doe," appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated April 19, 2006, as granted the plaintiff's motion for leave to amend the complaint to assert a claim against them based on the theory of res ipsa loquitur.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The doctrine of res ipsa loquitur is an inference arising from evidence in a negligence case, and thus may be raised at any time when warranted by the facts (*see Pugliese v Simonetti*, 295 AD2d 590 [2002]; *Porter v Huntington Hosp.*, 148 AD2d 510, 511 [1989]; *Davis v Vantage Homes*, 146 AD2d 879 [1989]; *Ladd v Hudson Val. Ambulance Serv.*, 142 AD2d 17, 19 [1988]; *Silberman v Lazarowitz*, 130 AD2d 736, 737 [1987]; *Weeden v Armor El. Co.*, 97 AD2d 197, 201-202 [1983]). Consequently, it was unnecessary for the plaintiff to seek leave to amend the complaint to assert a claim against the appellants based on the doctrine.

Thus, the appellants could not have been prejudiced by the court granting the plaintiff's motion for leave to amend the complaint in this way (*see Diovisalvo v Woodlawn Cemetery*, 241 AD2d 348, 349 [1997]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.