In the Matter of PEOPLE OF STATE OF NEW YORK, Respondent, v IMPORTED QUALITY GUARD DOGS, INC., et al., Respondents, and PERRY REICH, Appellant. [930 NYS2d 906]—

In this summary proceeding, the petitioner submitted evidence establishing, prima facie, that Perry Reich (hereinafter the appellant) was an officer of a corporation that he knew had engaged "in repeated fraudulent or illegal acts or otherwise demonstrate[d] persistent fraud or illegality in the carrying on, conducting or transaction of business" (Executive Law § 63 [12]; *see* General Business Law §§ 349, 350; *People v Apple Health & Sports Clubs*, 80 NY2d 803, 807 [1992]; *Matter of People v Applied Card Sys., Inc.*, 27 AD3d 104, 106-107 [2005]; *People v General Elec. Co.*, 302 AD2d 314, 314-315 [2003]). In opposition, the appellant failed to raise a triable issue of fact (*see* CPLR 409 [b]; *Matter of Bahar v Schwartzreich*, 204 AD2d 441, 443 [1994]).

The Supreme Court correctly determined that the appellant was not entitled to the bill of particulars he demanded. "The purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial; it is not an evidence-gathering device" (*Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 76 [1992]; *see Hillside Equities v UFH Apts.*, 297 AD2d 704, 705 [2002]; *Sager v Rochester Gen. Hosp.*, 170 AD2d 949 [1991]; *Jericho Water Dist. v Zara & Sons Contr. Co.*, 116 AD2d 622, 624 [1986]). The demanded bill of particulars largely sought disclosure, rather than amplification, and it was unduly burdensome and oppressive. Under the circumstances, the proper remedy, as the Supreme Court concluded, was to vacate, rather than prune, that demand (*see 176-178 Ashburton Ave. Corp. v New York Prop. Ins. Underwriting Assn.*, 125 AD2d 653 [1986]; *Nazario v Fromchuck*, 90 AD2d 483, 484 [1982]; *cf. Renucci v Mercy Hosp.*, 124 AD2d 796 [1986]).

The Supreme Court did not err in declining to disqualify the Nassau County Office of the Attorney General based on an alleged conflict of interest (*cf. Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *Matter of Soares v Herrick*, 88 AD3d 148, 153-154 [2011]).

The appellant's remaining contentions either are not properly before this Court, have been rendered academic, or are without merit.

Accordingly, the Supreme Court properly granted that branch of the petition which was pursuant to Executive Law § 63 (12) to permanently enjoin the appellant from selling, breeding, or

training dogs, or advertising or soliciting the sale, breeding, or training of dogs, for an award of restitution, and for ancillary relief. Moreover, the Supreme Court properly referred the matter for a hearing regarding the issues of the amount of restitution to be paid and the award of ancillary relief. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.