In the Matter of PEOPLE OF STATE OF NEW YORK, Respondent, v MIRCEA VELEANU, Doing Business as OBJETS D'ART UNIQUES, Appellant. [932 NYS2d 711]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner submitted evidence establishing, prima facie, that the appellant engaged "in repeated fraudulent or illegal acts or otherwise demonstrate[d] persistent fraud or illegality in the carrying on, conducting or transaction of business" (Executive Law § 63 [12]; *see* General Business Law § 349; *Matter of People of State of N.Y. v Imported Quality Guard Dogs, Inc.*, 88 AD3d 800, 801 [2d Dept 2011]; *Matter of People v Applied Card*

*Sys., Inc.*, 27 AD3d 104, 106-107 [2005]; *Matter of People v Wilco Energy Corp.*, 284 AD2d 469, 470-471 [2001]). The evidence showed, inter alia, that over an approximately two-year period, the appellant sold a customer several items which he told her were made of high quality jade, but which laboratory testing proved were quartzite, a less expensive and more common stone. In opposition, the appellant failed to raise a triable issue of fact (*see* CPLR 409 [b]; *Matter of People of State of N.Y. v Imported Quality Guard Dogs, Inc.*, 88 AD3d at 801; *Matter of Bahar v Schwartzreich*, 204 AD2d 441, 443 [1994]). Accordingly, the Supreme Court properly granted the petition and directed the appellant to pay restitution, penalties, and costs.

The appellant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.