■ Estrategia Corp. et al., Respondents-Appellants, v Lafayette Commercial Condo, Appellant-Respondent. (And a Third-Party Action.) [944 NYS2d 878]—Order, Supreme Court, New York County (Martin Shulman, J.), entered December 22, 2011, which, insofar as appealed from as limited by the briefs, denied the parties' cross motions for summary judgment as to liability on the negligence cause of action, unanimously affirmed, without costs.

Plaintiffs' failure to plead the doctrine of res ipsa loquitur in the complaint does not render the doctrine unavailable at trial. They pleaded negligence, and the circumstances warrant the doctrine's application (*compare Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297 [2007], *with Yousefi v Rudeth Realty, LLC*, 61 AD3d 677 [2009]).

However, while plaintiffs submitted sufficient evidence to give rise to a permissible inference of negligence on defendant's part under the doctrine of res ipsa loquitur (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]), they have not shown that the inference of negligence is inescapable or that defendant failed to raise any material issue of fact in rebuttal thereof (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Shinshine Corp. v Kinney Sys.*, 173 AD2d 293 [1991]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 33405(U).]**