*580 Defendants satisfied their burden on summary judgment by presenting evidence demonstrating that they did not create the defective condition of the marble staircase landing that collapsed under plaintiff, and lacked actual or constructive notice thereof. In opposition, plaintiff presented evidence that the landing was visibly cracked for an extended period of time and wobbled when stepped on, thereby raising an issue of fact as to whether defendants had constructive notice of the defective condition for a sufficient period of time before the landing collapsed to be able to make repairs. However, to the extent that the motion sought dismissal as against the Padernacht defendants individually, it should have been granted, inasmuch as that portion of the motion was unopposed by plaintiff, and there is no evidence that the individual defendants personally participated in any malfeasance or misfeasance constituting an affirmative tortious act (see Peguero v 601 Realty Corp., 58 AD3d 556, 558-559 [1st Dept 2009]).
Defendants’ claim that the affidavits of three notice witnesses should be disregarded because they were not timely disclosed is unpersuasive since one witness was a former employee of defendants, and the other two were identified by plaintiff or his mother in their deposition testimony. Thus there can be no claim of prejudice or surprise. In any event, even without considering those affidavits, plaintiff raised an issue of fact as to notice. The alleged untimely disclosure of plaintiffs expert did not render his expert’s affidavit inadmissible, since any such failure was not intentional or willful, and there was no showing of prejudice to defendants (see Baulieu v Ardsley Assoc., L.P., 85 AD3d 554 [1st Dept 2011]).
*581 The merits of the untimely cross motion for summary judgment were properly reached to the extent that it is based on the same issues raised by the motion (CPLR 3212 [a]; see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). Plaintiff did not establish entitlement to summary judgment based on the doctrine of res ipsa loquitur, since, even assuming arguendo that exclusivity could be established, he has not shown that the inference of negligence is inescapable or that defendants failed to raise any material issue of fact in rebuttal (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Estrategia Corp. v Lafayette Commercial Condo, 95 AD3d 732 [1st Dept 2012]).
Plaintiffs motion to have defendants' answer stricken as a sanction for spoliation, based on the building superintendent’s disposal of the broken marble pieces of the stair landing, was properly denied since plaintiff has not been deprived of his ability to prove his case (see Shapiro v Boulevard Hous. Corp., 70 AD3d 474, 476 [1st Dept 2010]), and plaintiff has not sought any lesser sanction (Rodriguez v 551 Realty LLC, 35 AD3d 221, 221 [1st Dept 2006]). The court properly declined to grant plaintiff s request for in camera inspection, as plaintiff did not seek such relief until more than six months after he filed his note of issue indicating that discovery was completed. Concur— Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.