■ PAUL WICKS, Appellant, v LEEMILT'S PETROLEUM, INC., et al., Respondents, et al., Defendant. [962 NYS2d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 21, 2011, as denied his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and for leave to supple-

ment his bill of particulars to allege that the circumstantial evidence permits an inference of the defendants' negligence under the doctrine of res ipsa loquitur, and granted that branch of the motion of the defendants Leemilt's Petroleum, Inc., Getty Realty Corp., Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and for leave to supplement his bill of particulars to allege that the circumstantial evidence permits an inference of the defendants' negligence under the doctrine of res ipsa loquitur is granted, and that branch of the motion of the defendants Leemilt's Petroleum, Inc., Getty Realty Corp., Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC, is denied.

The plaintiff allegedly was injured as a result of his fall from an extension ladder while he was performing work on an elevated fire extinguishing system at a gasoline station. The plaintiff's employer provided him with a van equipped with an extension ladder and an A-frame ladder. The plaintiff stated that a scissor lift could have been attached to the van, but he did not bring it to the work site because he had received no training in its operation. At the work site, the plaintiff determined that he was unable to position the A-frame ladder close enough to the fire extinguishing system, which was located on a pole in the middle of a "gasoline island" with a six-inch curb. The plaintiff leaned the extension ladder against the pole and secured the ladder with two clips. As he climbed the ladder, the pole collapsed and the plaintiff fell to the ground. The plaintiff commenced this action alleging, inter alia, a violation of Labor Law § 240 (1) and a common-law negligence cause of action, naming as defendants, among others, Leemilt's Petroleum, Inc., Getty Realty Corp., Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC (hereinafter collectively the defendants), all of which allegedly possessed ownership or leasehold interests in the subject premises.

"To recover on a cause of action based on a violation of Labor Law § 240 (1), a plaintiff must demonstrate that his or her

injuries were 'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Jimenez v RC Church of Epiphany*, 85 AD3d 974, 975 [2011], quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) by submitting evidence that the defendants failed to ensure the proper placement of the extension ladder and that such failure was a proximate cause of his injuries (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Melchor v Singh*, 90 AD3d 866, 868 [2011]; *Leconte v 80 E. End Owners Corp.*, 80 AD3d 669 [2011]; *Ruiz v WDF, Inc.*, 45 AD3d 758 [2007]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.

"The purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial" (*Matter of People v Imported Quality Guard Dogs, Inc.*, 88 AD3d 800, 801 [2011] [internal quotation marks omitted]). Here, the plaintiff sought leave to supplement his bill of particulars to allege that the circumstantial evidence permits the inference of the defendants' negligence under the doctrine of res ipsa loquitur (*see generally Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Since the doctrine merely permits an inference arising from the evidence in a negligence case, the plaintiff's failure to plead res ipsa loquitur does not foreclose its application on summary judgment or at trial, if warranted by the evidence (*see Estrategia Corp. v Lafayette Commercial Condo*, 95 AD3d 732 [2012]; *Ladd v Hudson Val. Ambulance Serv.*, 142 AD2d 17, 19 [1988]; *Weeden v Armor El. Co.*, 97 AD2d 197, 201-202 [1983]). Thus, the defendant in a negligence action is not prejudiced by the granting of a motion to supplement the complaint or bill of particulars to assert the doctrine (*see Jappa v Starrett City, Inc.*, 67 AD3d 968, 969 [2009]; *Olson v 625 Ocean Co.*, 40 AD3d 828 [2007]). Here, the defendants are not prejudiced by the plaintiff's proposed supplement, which sets forth no new factual allegations or new causes of action. Thus, leave to supplement the bill of particulars should have been granted (*see Jappa v Starrett City, Inc.*, 67 AD3d at 969; *Olson v 625 Ocean Co.*, 40 AD3d at 828; *cf. Sanders v St. Vincent Hosp.*, 95 AD3d 1195, 1196 [2012]; *Lipari v Babylon Riding Ctr., Inc.*, 18 AD3d 824, 826 [2005]).

The defendants Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC, contend that they are not "owners" within the meaning of Labor Law § 240 (1). However, the evidence they submitted in support of that contention failed to es-

tablish that they did not either "fulfill[ ] the role of owner by contracting to have [the] work performed" (*Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009]), have the right to control the work being done (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]), or have a sufficient "nexus" to the work performed, "whether by a lease agreement or grant of an easement, or other property interest," to support the imposition of Labor Law § 240 (1) liability on them (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]; *see Ferreira v Village of Kings Point*, 68 AD3d 1048, 1050 [2009]). Since the defendants failed to make a prima facie showing, the branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Getty Petroleum Marketing, Inc., and 111 Montauk Highway, LLC, should have been denied, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.