Order, Supreme Court, New York County (Martin Shulman, J.), entered May 16, 2011, which granted the motions of defendants Consolidated Edison Company of New York, Inc. (Con Ed) and Fetrocelli Electric Co. (Fetrocelli) for summary judgment dismissing the complaint and cross claims as against them, unanimously modified, on the law, to deny defendant Petrocelli’s motion, and otherwise affirmed, without costs.
Plaintiff seeks damages for injuries he sustained on April 3, 2006, when he experienced an electric shock while crossing Broadway near its northwest intersection with White Street in Manhattan. Defendant Petrocelli was in the process of performing electrical repair and maintenance work at the intersection pursuant to a contract with the New York City Department of Transportation (DOT). Petrocelli’s work tied into, and acquired power from, equipment owned by defendant Con Ed.
Res ipsa loquitur is not a separate theory of liability but merely “a common-sense application of the probative value of *429 circumstantial evidence” (Abbott v Page Airways, 23 NY2d 502, 512 [1969] [internal quotation marks and citation omitted]). A plaintiffs failure to specifically plead res ipsa loquitur does not constitute a bar to the invocation of res ipsa loquitur where the facts warrant its application (see Ianotta v Tishman Speyer Props., Inc., 46 AD3d 297, 298 [1st Dept 2007]). Thus, plaintiffs failure here to plead the doctrine in his complaint does not render it unavailable to him (see Estrategia Corp. v Lafayette Commercial Condo, 95 AD3d 732 [1st Dept 2012]).
To apply res ipsa loquitur, a plaintiff must establish that “(1) the accident [is] of a kind that ordinarily does not occur in the absence of negligence; (2) the instrumentality or agency causing the accident [is] in the exclusive control of the defendants; and (3) the accident must not be due to any voluntary action or contribution by plaintiff” (Pappalardo v New York Health & Racquet Club, 279 AD2d 134, 142 [1st Dept 2000]).
As for the first element, since a pedestrian is generally not subject to electric shock by walking on a manhole cover in the roadway absent negligence, defendants’ argument that there is no evidence of any dangerous condition caused by them is unavailing. While Petrocelli’s expert averred that the evidence in documents and depositions does not indicate that plaintiffs alleged electrical shock incident resulted from an impropriety attributable to the work of Petrocelli, other evidence in the record calls this conclusion into question. One Con Ed employee testified he found stray voltage at the southeast corner light pole prior to contacting Petrocelli, and another Con Ed employee testified that the northeast corner pole also had a stray voltage reading. Witnesses from both Con Ed and Petrocelli testified that stray voltage can travel, either through water or across the overhead shunts, from one pole to the next, and even to the metal manholes. Thus, defendants failed to show that the occurrence as described by plaintiff is a physical or mechanical impossibility (see e.g. Miller v Schindler El. Corp., 308 AD2d 312, 313 [1st Dept 2003]).
As to the element of “exclusive control,” Petrocelli was in the process of working at that intersection in the days before the incident. Two light poles had been removed and replaced by temporary ones, and a temporary overhead power line shunt had been run. Moreover, one of the stray voltage readings obtained by Con Ed in its investigation was at one of the light poles run by a Petrocelli box. Thus, plaintiff presented sufficient evidence of control to warrant denial of Petrocelli’s motion. However, Con Ed’s only connection with the lamp posts where the stray readings were obtained was that it provided the *430 power that ran through the Petrocelli control box. In light of Petrocelli’s recent and continuing work at that location, it cannot be inferred that Con Ed was in control of the instrumentality that caused plaintiffs accident.
Finally, there is no evidence or allegation that plaintiff caused or contributed to the occurrence of the accident.
Petrocelli’s argument that it had no duty to plaintiff as a mere third-party contractor is also unavailing. It has been recognized that under some circumstances, a party who enters into a contract thereby assumes a duty of care to certain persons outside the contract where the contracting party launches a force or instrument of harm (Espinal v Melville Snow Contrs., 98 NY2d 136, 139-140 [2002]; see also Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579 [1994]).
Here, if a jury finds, under res ipsa loquitur, that Petrocelli negligently caused plaintiffs electrical shock, it necessarily follows that Petrocelli launched a force or instrument of harm. Thus, questions of fact bar summary dismissal on Espinal grounds. Concur — Mazzarelli, J.P, Acosta, Saxe, Renwick and Clark, JJ. [Prior Case History: 2011 NY Slip Op 31280(U).]