Ocasio v Dormitory Auth. of the State of N.Y. (2018 NY Slip Op 01424)





Ocasio v Dormitory Auth. of the State of N.Y.


2018 NY Slip Op 01424


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5387 300568/08

[*1]Luz Ocasio, Plaintiff-Appellant,
v
Dormitory Authority of the State of New York, et al., Defendants-Respondents, Prosec Protection Systems Inc., Defendant.


Michelstein & Associates, PLLC, New York (Stephen J. Riegel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for Dormitory Authority of the State of New York, respondent.
Raven & Kolbe, LLP, New York (Michael T. Gleason of counsel), for Nouveau Elevator Industries, Inc., respondent.



Order, Supreme Court, Bronx County (Sharon A. M. Aarons, J.), entered on or about July 14, 2016, which granted the motions of defendants Dormitory Authority of the State of New York (DASNY) and Nouveau Elevator Industries, Inc. (Nouveau) for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to the extent of denying Nouveau's motion, and otherwise affirmed, without costs.
Plaintiff alleges that she was injured at her workplace, Building 6 of Jacobi Medical Center, while traveling on an elevator on the way to her office. Plaintiff asserts that she was standing near the elevator doors when they opened at an intermediate floor. She heard a "gunshot"-like noise from above and was struck at the top of her forehead by a hot metal object. Plaintiff felt a sharp pain and lost consciousness. She woke up in the hospital's emergency room. A washer was retrieved from the scene.
DASNY had contracted with the City of New York and its Health and Hospitals Corporation to both construct Building 6 and to lease and operate the building. At the time of plaintiff's accident, DASNY had a contract with Nouveau to install equipment in the elevators associated with an "Infant Abduction System" (IA-System). Nouveau also had a maintenance contract with Jacobi Medical Center to provide elevator maintenance services for the hospital [FN1]. Nouveau's witness stated that it was possible to install an IA-System on one elevator while keeping in service other elevators in the same bank.
DASNY's and Nouveau's motions for summary judgment were granted by the motion court. We now modify.
DASNY and Nouveau established their entitlement to judgment as a matter of law by submitting, inter alia, deposition testimony and affidavits showing that Nouveau's work in an [*2]elevator shaft adjacent to the elevator in which plaintiff was riding did not require washers or welding equipment.
However, in opposition, plaintiff raised triable issues of fact, as circumstantial evidence showed that a prompt investigation of the incident indicated that Nouveau's workers were installing equipment in an adjacent elevator shaft several floors above where plaintiff's elevator cab had come to a stop, and that no other construction crews were in the vicinity of the elevator bank in question. Contrary to the motion court's finding, the evidence could be sufficient to support an inference that it was more likely that the injury was caused by negligence on the part of Nouveau rather than by some other actor (see Gayle v City of New York, 92 NY2d 936 [1998]).
Contrary to the motion court's finding, "neither plaintiff's
failure to specifically plead res ipsa loquitur nor the allegation of specific acts of negligence . . . constitutes a bar to the invocation of res ipsa loquitur where the facts warrant its application" (Weeden v Armor El. Co., 97 AD2d 197, 201-202 [2d Dept 1983] [emphasis omitted]; see Estrategia Corp. v Lafayette Commercial Condo, 95 AD3d 732 [1st Dept 2012]). However, we are unable to determine on this record whether, as plaintiff contends, the doctrine of res ipsa loquitur is applicable to Nouveau.
The motion court properly granted summary judgment to DASNY on the basis that DASNY had no notice of the hot washer and therefore, could not be negligent. The doctrine of res ipsa loquitur does not assist plaintiff in her claim against DASNY because plaintiff does not argue that DASNY was in control of the washer, which was the instrumentality of her injury. Nor has plaintiff argued that DASNY is properly held vicariously liable for any defect created by the elevator company, which would obviate the need for plaintiff to demonstrate actual or constructive notice (see e.g. Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 79 [1st Dept 2017] [vicarious liability under Multiple Dwelling Law § 78]; Mas v Two Bridges Assoc., 75 NY2d 680, 689 [1990] [same]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK



Footnotes

Footnote 1:The August 1, 2016 contract in the record is unsigned, but the parties assume the existence of a maintenance contract in their papers. Nouveau's maintenance manager further alluded to an April 5, 2005 maintenance contract at his deposition. The record contains work tickets for Nouveau's hospital elevator maintenance work during the relevant period.